*In re* JOHNSON'S ESTATE.

BEECHAM *v.* WETHERBEE.

1. EVIDENCE — WITNESSES — TESTIMONY AS TO FACTS EQUALLY KNOWN TO DECEASED.

In an appeal from the disallowance of a claim against the estate of decedent, testimony of the claimant admitted as to preliminary matters which were not in dispute or material to the point in issue, was not reversible error, although the facts were equally within the knowledge of deceased.

2. SAME—CURING ERROR—TRIAL.

No error was committed in excluding an answer of witness until after it was shown that he had personal knowledge of the facts.

3. SAME—CROSS-EXAMINATION.

Inquiry on cross-examination of a witness as to whether deceased performed acts of kindness for claimant and her

husband was not improperly excluded, in view of the generality of the question and its want of bearing on the principal issues.

4. SAME—IMPEACHMENT.

A question which affected only the credibility of claimant was properly excluded where she had given no testimony as to material questions.

5. ESTATES OF DECEDENTS — EXECUTORS AND ADMINISTRATORS — ALLOWANCE OF CLAIMS—DIRECTING VERDICT.

The question of liability of an estate for services rendered by claimant to deceased in her lifetime was properly submitted to the jury under evidence which tended to show the nature and value of the services, that no family relationship existed between the parties, and that deceased stated she intended to pay the claimant.

6. SAME—IMPLIED CONTRACT—INSTRUCTIONS TO JURY.

The liability of deceased was properly presented by a charge to the jury which limited the right of recovery to a case in which a legal, rather than a moral, obligation existed, and the services were not spontaneously rendered, without any expectation of compensation, which expectation, in order to entitle claimant to recover, must have been in the minds of both parties.

7. SAME—CHARGE.

An error in the charge as to the time covered by alleged services rendered is not open to objection on the part of an appellant who made a similar error in his requests to charge.

8. APPEAL AND ERROR — SAVING QUESTIONS FOR REVIEW — EXCEPTIONS—GENERAL ARGUMENT.

An argument in appellant's brief that the court erred in refusing to give requested instructions to the jury is too general to merit discussion.

Error to Wayne; Donovan, J. Submitted December 13, 1909. ( Docket No. 48.) Decided April 1, 1910.

Laura Beecham presented a claim against the estate of Sarah Johnson, deceased, for services rendered. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. A judgment for claimant is reviewed by defendant on writ of error. Affirmed.

*C. K. Latham*, for appellant.

*James H. Pound*, for appellee.

MONTGOMERY, C. J.   The claimant presented a claim to the commissioners for services rendered at the request of Mrs. Johnson in acting as a companion, nursing and caring for her when sick, ordering her coal, groceries, drawing rent receipts, waiting upon her in her sickness, etc., at the price of $3 per week for a period of 10 years and upwards.   The claim was disallowed by the commissioners and claimant appealed to the circuit court.   On trial at the circuit, the jury returned a verdict finding in her favor for $897.   The case is brought here by the executor for review.

The first error assigned is that error was committed in permitting the claimant to give testimony as to certain facts equally within the knowledge of the deceased.   Her testimony was limited to stating her acquaintance with the deceased, and the fact that her husband was a tenant of deceased and as to who composed the family of claimant.   The testimony given upon this subject was relating to matters in no way in dispute in the case, and whether there would be a technical objection to receiving this testimony from claimant herself is wholly immaterial, as no possible injury could have resulted from receiving the testimony.

The next error assigned is that the court erred in excluding the following question:

"Now, is that not just as true about the other people who lived right next door, the immediate neighbors of Mrs. Johnson, that they did errands occasionally?"

This was objected to upon the ground that it did not appear that the witness knew anything about the facts, and upon further inquiry it was ascertained that the witness did have some knowledge, and the testimony was then received covering the facts to the extent of his personal knowledge.   No error was committed in this ruling.

The next error assigned is in excluding the question to the witness Moreton, "State if you know whether she (deceased) did any acts of kindness for them," including claimant. We think this question was properly excluded as too general in its scope, and, as framed, the answer could have given no information to the jury which would be of aid in determining the question of whether the services of claimant were rendered in expectation of receiving pay, and with the expectation on the part of the deceased to pay for them.

Error is assigned upon the exclusion of a question put to the plaintiff relative to a divorce case between Frederick Beecham and Almira Beecham, granted in 1893. The only purpose of this testimony was to affect the credibility of the plaintiff as a witness, and, as before pointed out, she had given no testimony as to the question material to the case about which there was any dispute. There was no abuse of discretion, therefore, in excluding this inquiry.

The principal question discussed is that the court erred in refusing to direct a verdict for the defendant. We think the court committed no error in refusing to grant this motion. While the testimony may not be altogether convincing to us, there was testimony which tended to show that deceased frequently stated that she expected to see claimant paid for her services. There was no family relation between the parties which called upon claimant to render the services which she rendered.

The circuit judge charged the jury upon this question to that effect, and stated that,

"If claimant rendered to Sarah Johnson any valuable services which the said Sarah Johnson received and appropriated, the law implies a promise to pay for the said services what the same is reasonably worth."

This was modified by an instruction given on behalf of the defendant, as follows:

"Moral obligations have nothing to do with this case.

The plaintiff must prove a legal obligation of the defendant, otherwise, there would be no cause of action, and you would find for the defendant. You cannot find anything for the plaintiff, unless you find from the testimony in this case that a contract existed between the plaintiff and Sarah Johnson, or that valuable services were rendered—that is, were rendered and accepted by her. * * * That means a contract is an agreement whereby one person and another engage to do or not to do a given thing."

He further charged:

"Where there is a spontaneous service, as an act of kindness and no request, or where the circumstances account for the transaction on some ground more probable than that of a promise of recompense, then no promise would be implied. The contract connected with that would not be established. An agreement to compensate cannot be implied from the mere fact that services were rendered. They must be rendered and accepted, and they must be known to have been rendered with the expectation of pay. The simple fact that services were rendered does not raise a liability on the part of a person for whom they are rendered, even though done at the request, if the circumstances are such as to rebut the inference that compensation is to be made."

We think that, under these instructions, the peculiar circumstances of the case were sufficiently brought to the attention of the jury, and that the inference which might arise that these services were merely neighborly kindnesses was sufficiently emphasized, and that the jury must have found, in order to reach the conclusion that they did, that there was an express promise on the part of the deceased to pay for the services.

Complaint is made in the brief that the court in stating the plaintiff's claim referred to one for 10 years' services, and it is now urged that the testimony fails to show services for that period of time, or for more than 8 years and 2 months. This point was not called to the attention of the trial court at the hearing, and there is no specific assignment of error which raises the question. And, more than this, the requests of the defendant treated the claim

for services as one for 10 years, and one of its requests, the seventh, concluded with this statement:

"The plaintiff's claim for services is from some time in 1894 to some time in 1904—about 10 years. If you do not find that Mrs. Beecham's testimony as to Mrs. Johnson's promise to pay is strong enough and broad enough to cover the 10 years' services, then you must find for defendant."

We think, therefore, it is not open to the defendant to urge that there was error in stating the claim as one for 10 years' service.

An argument is made that the court erred in refusing the requests of the defendant, but it is so general in its terms as not to require discussion.

The case was fairly submitted to the jury, and the verdict reached must conclude the parties.

Judgment affirmed.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.